**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

The Bank of New York Mellon fka the Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-47-CV, Mortgage Pass-through Certificates Series 2005-47CB,

Plaintiff

v.

The Springs at Centennial Ranch Homeowners Association, et al.,

Defendants

Case No.: 2:17-cv-01673-JAD-GWF

**Order Granting in Part Motion to Dismiss, Denying Motion to Strike, and Ordering the Bank to Join a Party or Show Cause Why It Can't**

[ECF Nos. 15, 27]

The Bank of New York Mellon sues the Springs at Centennial Ranch Homeowners Association (HOA) for damages and a declaration that the Bank's deed of trust securing the mortgage on the home at 916 Malibu Sands Avenue in Las Vegas, Nevada, was not extinguished by the HOA's January 2013 non-judicial foreclosure sale to SFR Investments Pool 1, LLC.[1]  The HOA moves to dismiss all claims against it.  It argues that the Bank's wrongful-foreclosure and breach-of-NRS 116.113 claims are time barred because they were filed more than a year after the three-year statute of limitations ran.  It contends that the Bank's quiet-title claim fails because the Bank holds only a lien, not title; failed to allege that it paid all debts and encumbrances; and did not join the property's prior owner, who is a necessary party.  Finally, it argues that the Bank's declaratory-relief claim is redundant of its quiet-title claim; seeks to redress a past wrong, not a prospective one; and fails for lack of a justiciable controversy.  Although I find that the wrongful-foreclosure and NRS 116.1113 claims are time-barred because they were not brought within three years of the sale, the HOA has not demonstrated a basis to dismiss the remaining claims.

---

[1] ECF No. 1.  I find these motions suitable for disposition without oral argument.  LR 78-1.

1

# I.     The HOA's Motion to Dismiss the Bank's Claims [ECF No. 15]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss.  The court must first accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[2]  Then, the court must consider whether the well-pled factual allegations state a plausible claim for relief.[3]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[4]  The district court may dismiss a claim as time barred if "the running of the statute of limitations is apparent on the face of the complaint."[5]

## A.     NRS 116.1113 and wrongful foreclosure

The HOA first argues that the Bank's claims for wrongful foreclosure and breach of NRS 116.1113 are time barred.  It contends that both claims are governed by NRS 11.190(3)(a), which imposes a three-year statute of limitations on actions "upon a liability created by statute, other than a penalty or forfeiture."[6]  Because the property was sold at foreclosure on January 16, 2013, and the deed was recorded days later on January 24, 2013, the HOA contends that the Bank's filing of this lawsuit in June 2017 was more than a year too late.

A claim for wrongful foreclosure "challenges the authority behind the foreclosure, not the foreclosure act itself."[7]  NRS Chapter 116, which authorizes HOAs to enforce liens by non-judicial foreclosure, is the authority behind the sale at issue here.  And the Bank alleges that the

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[3] *Id.* at 679.

[4] *Id.*

[5] *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010) (internal quotations omitted)).

[6] Nev. Rev. Stat. § 11.190(3)(a).

[7] *McKnight Family, LLP v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013) (en banc).

2

HOA violated NRS 116.31162 when conducting this sale.[8]  The Bank's wrongful-foreclosure sale is thus an "action upon a liability created by statute," and it is time barred because it was not filed within three years of the foreclosure sale.[9]

The same is true for the Bank's second cause of action, entitled "Breach of NRS 116.1113 against HOA."  NRS 116.1113 states that "[e]very contract or duty governed by [NRS Chapter 116] imposes an obligation of good faith in its performance or enforcement."[10]  In effect, this statute just makes it clear that Nevada's policy that "[a]n implied covenant of good faith and fair dealing is recognized in every contract under Nevada law"[11] applies to CC&Rs, too.  For this claim, the Bank repackages each of the NRS 116.31162 breaches it alleges in its wrongful-foreclosure claim as breaches of the HOA's "duty of good faith" under NRS 116.1113.[12]  Because the good-faith obligation in NRS 116.1113 is also a liability created by statute, this claim is similarly barred by the three-year statute of limitations.[13]

---

[8] *See* ECF No. 1 at ¶¶ 15–26, 61–63.

[9] It makes no difference to run the statute from the sale's public recording, which the Bank had constructive notice of.  *See Job's Peak Ranch Cmty. Ass'n, Inc. v. Douglas Cty.*, 2015 WL 5056232, at *3 (Nev. Aug. 25, 2015) (unpub.) (quoting *Cumming v. San Bernardino Redev. Agency*, 125 Cal.Rptr.2d 42, 46 (Ct. App. 2002) ("If the facts giving rise to the cause of action are matters of public record then 'the public record gave notice sufficient to start the statute of limitations running.'"))  Three years from that date was January 24, 2016, which was still nearly 17 months before this action was filed.

[10] Nev. Rev. Stat. § 116.1113.

[11] *Consol. Generator-Nevada, Inc. v. Cummins Engine Co.*, 971 P.2d 1251, 1256 (Nev. 1998) (citing *Pemberton v. Farmers Ins. Exchange*, 858 P.2d 380, 382 (Nev. 1993)).

[12] ECF No. 1 at ¶ 56.

[13] This second cause of action is entitled "Breach of NRS 116.1113 against HOA," suggesting that it is based entirely on the statute's good-faith requirement.  And the only breaches alleged in this claim are breaches of the "duty of good faith."  *See* ECF No. 1 at ¶¶ 56, 57. But the Bank claims in its opposition that it is also alleging in this claim that the HOA's actions breached the express mortgagee protection clause in the CC&R's.  If this was the Bank's intent, it is not apparent from a plain reading of its allegations in this claim, construed in the light most favorable to the Bank.  I thus do not construe the second cause of action to include a claim for a breach of any express provision in the CC&Rs.

In its third cause of action, the Bank alleges that one of the reasons the foreclosure was wrongful was that the CC&Rs promised "that no enforcement of any provision of the CC&Rs would jeopardize the rights of the beneficiary of the senior deed of trust[.]"  ECF No. 1 at ¶ 64–65.

I am unpersuaded by the Bank's argument that the statute could not have started running on these claims at the time of the foreclosure sale. The Bank contends that it didn't know it had suffered an injury then because the 2014 *SFR* decision, in which the Nevada Supreme Court first held that such foreclosure sales extinguish deeds of trust, had not yet been issued.[14] It cites a 2015 opinion from another judge in this district in *Christiana Trust v. K&P Homes* for the proposition that, "[a]t best," *SFR* was "decided as an issue of first impression whose resolution was not clearly foreshadowed."[15]

But this notion in *Christiana Trust* was disavowed by the Nevada Supreme Court when answering a certified question in the very same case:

> We answer the federal district court's certified question in the affirmative. [The *SFR* decision] did not create new law or overrule existing precedent; rather, that decision declared what NRS 116.3116 has required since the statute's inception. Therefore, that decision necessarily applies retroactively.[16]

Lenders were well aware of NRS 116.3116 long before *SFR*,[17] and the Bank of New York Mellon was no exception. The Bank's allegations in the complaint that it tendered a portion of

---

This theory was expressly rejected by the Nevada Supreme Court in *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 418–19 (Nev. 2014), so it fails to provide a viable basis for the Bank's wrongful-foreclosure claim here.

[14] *See* ECF No. 24 at 7–8.

[15] *Id*. at 7 (quoting *Christiana Trust v. K&P Homes*, 2:15-cv-1534-RCJ-VCF, 2015 WL 6962860 (D. Nev. Nov. 9, 2015)). The Bank miscites the title as "S&P Homes" and provides the wrong Westlaw citation (2015 WL 696286**2** instead of 696286**0**).

[16] *K&P Homes v. Christiana Trust*, 398 P.3d 292, 295 (Nev. 2017) (also available at ECF No. 44 in 2:15-cv-1534-RCJ-VCF).

[17] *See SFR*, 334 P.3d at 414 (noting that the banks could have easily avoided the effects of NRS 116.3116's lien-extinguishment feature by paying off the HOA liens "to avert loss of [their] security" or by establishing "an escrow for [HOA] assessments to avoid having to use [their] own funds to pay delinquent dues."); *see also Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, 2016 WL 1298108, at *8 (D. Nev. Mar. 31, 2016) (proposing two more ways for a bank to avoid losing its lien interest by HOA foreclosure: "It could attend the statutorily-required public auction and purchase the property. Additionally, if the HOA or its agent refuses to provide the superpriority lien amount or to accept payment, the lienholder could sue for a declaration of the superpriority amount and to require the HOA to accept that amount in satisfaction of the superpriority lien.").

4

the overdue HOA assessments for this property to the HOA's agent in 2010[18] demonstrate that the Bank was long aware of NRS 116.3116 and its operation. So, based on the allegations in the complaint, once the foreclosure deed was recorded on January 24, 2013, the Bank had the facts to support its wrongful-foreclosure and NRS 116.1113 claims. Because the *SFR* decision did not change or redefine the Bank's rights or obligations under Nevada's non-judicial foreclosure scheme, it was the foreclosure sale or the recording of that deed just days later—not the *SFR* decision—that started the Bank's three-year clock running.[19] So I grant the motion to dismiss the Bank's second and third claims for relief as time barred.[20]

## B.    Quiet title

The HOA also argues that the Bank has not pled, and cannot plead, a quiet-title claim because (1) the interest it claims in the property is merely a lien, not a claim to title, (2) the Bank cannot allege that it paid all the debts and encumbrances owed on the property, and (3) the Bank failed to join the prior owner of the property, who is a "necessary and indispensable party" to this suit.[21] None of these arguments dictates dismissal.

As the Nevada Supreme Court explained in *Shadow Wood HOA v. New York Community Bancorp, Inc.*, NRS 40.010 "essentially codified" Nevada's historical recognition "that courts

---

[18] ECF No. 1 at ¶ 24.

[19] The Bank also offers the single-sentence argument that "even *SFR Investments* did not conclusively settle whether the foreclosure extinguished the deed of trust; that question will not be settled until the jury rules on the question of the ongoing enforceability of the deed of trust." ECF No. 24 at 7. But this argument has no effect on when the statute began to run on the Bank's claims. As the Hon. Andrew Gordon recently explained in response to the same argument in *Bank of America v. Country Garden Owners Ass'n*, 2018 WL 1336721, *3 (D. Nev. Mar. 14, 2018), "Because [the Bank's] interest in the property was called into question at the time of the foreclosure sale due to the HOA's superpriority lien, [the Bank] knew as of the foreclosure sale that either its deed of trust was not extinguished so it was not damaged, or its deed of trust was extinguished so it was damaged. No later than when the trustee's deed upon sale was recorded, [the Bank] knew the content of the HOA's notices, . . . and knew the property had been sold at a foreclosure sale . . . . Thus, based on the complaint's allegations, [the Bank] had the facts supporting its contention that the HOA foreclosure sale was improperly conducted as of the date of the foreclosure sale."

[20] Because I am dismissing these claims as time barred, I do not reach the HOA's other arguments on these claims.

[21] ECF No. 15 at 4–5.

5

retain the power to grant equitable relief from a defective foreclosure sale when appropriate . . . ."[22]  "So, a person who brings a quiet title action may, consistent with NRS Chapter 40 and [Nevada's] long-standing equitable jurisprudence, invoke the court's inherent equitable powers to resolve the competing claims to such title."[23]  NRS 40.010 states that "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim."[24]  Its plain language does not require the claimant to be a title holder.  And although the bank in *Shadow Wood* was a title holder because it had foreclosed on the property under its deed of trust, the Nevada Supreme Court did not suggest that "the long-standing and broad inherent power of a court to sit in equity and quiet title, including setting aside a foreclosure sale if the circumstances support such action," is limited to claims by title holders.

The HOA cites *Breliant v. Preferred Equities Corp.*[25] for the proposition that the plaintiff in a quiet-title action must "prove good title in himself."[26]  So does the *Shadow Wood* court,[27] but its citations to NRS 40.010 and language touting the "broad inherent power of a court to sit in equity and quiet title, including setting aside a foreclosure sale," suggest that the Nevada Supreme Court now recognizes that the challenger of a foreclosure sale need not claim an interest in title to maintain a quiet-title action.  This impression is buttressed by the *Shadow Wood* court's quotation of a passage from a real-estate-finance-law treatise summarizing that, "[a]fter a defective power of sale foreclosure has been consummated, mortgagors and junior

---

[22] *Shadow Wood v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1110–11 (Nev. 2016) (en banc).

[23] *Id.* at 1111.

[24] Nev. Rev. Stat. § 40.010.

[25] *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996).

[26] ECF No. 15 at 5.

[27] *See Shadow Wood*, 366 P.3d at 1112.

lienholders in virtually every state have an equitable action to set aside the sale."[28]  So, I am not persuaded that only a title holder may invoke the court's equitable power to set aside a foreclosure sale in Nevada.

Nor am I convinced that the Bank's quiet-title claim must be dismissed because it has not alleged that it paid all debts and encumbrances owed on the property.  NRS 40.010 contains no such requirement.  And the HOA bases its argument on a 2012 decision from this district that relied on a California appellate court opinion that was ordered not published after review was denied.[29]  Because the HOA has not persuaded me that this payment-of-debts requirement exists in Nevada law, I decline to dismiss the quiet-title claim on this basis.

The HOA also has not demonstrated that this claim should be dismissed for failure to join a necessary and indispensable party.  Rule 19 of the Federal Rules of Civil Procedure requires joinder of "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction" if, "in that person's absence, the court cannot accord complete relief among the existing parties," or if disposal of the action in his absence "may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."[30]  The Ninth Circuit has recognized that "[a] non-party is 'indispensible' to an action if (1) the non-party is 'necessary' under Rule 19(a); (2) the non-party cannot be joined; and (3) the nonparty's absence would mandate dismissal according to a weighing of the factors outlined in Rule 19(b)."[31]  The HOA addresses these extensive factors in

---

[28] *Id*. (quoting 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7:22 (6th ed. 2014)).

[29] *See* ECF No. 15 at 5 (citing *Nebab v. Bank of Am., N.A.*, 2012 WL 2860660, at *5 (D. Nev. July 11, 2012) (citing *Ferguson v. Avelo Mortgage, LLC.*, 2011 WL 2139143, at *2 (Cal.App.2d June 1, 2011) (ordered not published)).

[30] Fed. R. Civ. P. 19.

[31] *Yellowstone County v. Pease*, 96 F.3d 1169, 1172 (9th Cir. 1996); *see also EEOC v. Peabody Western Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005).

a mere three sentences, arguing that "[t]his Court cannot quiet title in favor of the Bank because the Bank has failed to name a necessary and indispensable party whose interests in the Property . . . would be affected"—the borrower/homeowner who lost this property in the HOA foreclosure.[32]

This perfunctory argument is too undeveloped to merit dismissal. I assume from the HOA's statement that this claim would be "untenable here for the Bank's failure to name" the prior homeowner[33] that it seeks dismissal, not an order directing that the homeowner be joined. But this is just an assumption, because the HOA does not articulate what relief the failure to name this party compels here. Even if I were to find that the homeowner is a necessary party, the HOA has not explained why this former owner cannot be joined.[34] So, I decline to dismiss this or any claim based on the failure to join the prior owner as a party to this case. But, because voiding the foreclosure sale would bring the prior homeowner back into the picture, I order the Bank to either join the prior owner or show cause under FRCP 19(c) why joinder is not feasible.

### C. Declaratory relief

Finally, the HOA offers three reasons to dismiss the Bank's declaratory-relief claim. It first contends that the claim is worthy of dismissal because it is "redundant" and duplicative of the quiet-title claim.[35] But, considering that both theories are jointly pled within the Bank's first cause of action, declaratory relief is more accurately described as the remedy sought for the quiet-title claim.[36] At this nascent stage of litigation, this overlap does not warrant dismissal.

---

[32] ECF No. 15 at 6.

[33] *Id*. at 5.

[34] In its reply brief, the HOA argues that the Bank's argument that the former owners are not necessary parties should fall on deaf ears because its counsel "sought dismissal of a purchasers [sic] complaint to quiet title against Nationwide Mortgage, LLC, because the plaintiff failed to name the borrower, a necessary and indispensable party" in "Case 2-17-cv-1673-JAD-GWF." ECF No. 25 at 5. But *this case* is 2:17-cv-1673-JAD-GWF.

[35] ECF No. 6.

[36] *See* ECF No. 1 at 6–10.

The HOA then argues that the declaratory-relief claim fails because the Bank is not seeking prospective relief, and no live controversy exists between it and the Bank. But the Bank *is* seeking prospective relief: it wants the court to void the foreclosure sale or declare that it retains its security interest in the property despite the HOA's foreclosure sale to SFR under NRS 116.3116.[37] That declaration would impact prospective rights, not just past actions.

There is also a justiciable controversy between the Bank and the HOA. Part of the relief that the Bank is seeking is a declaration that the HOA made significant errors in the foreclosure process:

> including, without limitation, the lack of sufficient notice, HOA's wrongful rejection of the tender, the sale of the property for a fraction of the loan balance or actual market value of the property, a foreclosure that was not calculated to promote an equitable sales prices [sic] for the property or to attract proper perspective [sic] purchasers, and a foreclosure sale that was designed and/or intended to result in maximum profit for HOA, its agent, and SFR at the sale without regard to the rights and interest of those who have an interest in the loan and made the purchase of the property possible in the first place.[38]

If the Bank succeeds in having the foreclosure sale declared void, the HOA's lien rights (which were satisfied by the proceeds of the foreclosure sale) will likely be at issue again. So, I cannot conclude at this time that there is no justiciable controversy between the Bank and the HOA. I thus deny the motion to dismiss the Bank's declaratory relief claim.

## II.    Motion to Strike SFR's Limited Response [ECF No. 27]

SFR filed a "limited response" to the HOA's motion to dismiss. It argues in a conclusory fashion that "any dismissal . . . should result in global dismissal as against" it, too.[39] The HOA argues that SFR has no standing or authority to respond to its motion, and it asks the court to strike it.[40]

---

[37] *Id.* at ¶¶ 39–47.

[38] *Id.* at 43.

[39] ECF No. 23 at 2–3.

[40] ECF No. 27.

Because SFR was not a target of the HOA's motion to dismiss, it enjoys no voice in this discussion. So, to the extent that its "limited response" was intended as an opposition, I disregard it. To the extent that it was intended instead as a joinder in the HOA's motion, it gets no traction. The two claims that I am dismissing as a result of the motion to dismiss (breach of NRS 116.1113 and wrongful foreclosure) are not pled against SFR, so extending that ruling to SFR would do it no good.[41] And SFR has given me no reasons to reach different conclusions on the HOA's remaining dismissal arguments, so the first cause of action will proceed against all defendants. In sum, I deny the motion to strike because SFR had a right to join in the motion. But to the extent that SFR's filing is more properly characterized as an opposition to a motion to dismiss the Bank's claims, I disregard it.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that the Springs at Centennial Ranch Homeowners' Association's Motion to Dismiss **[ECF No. 15] is GRANTED in part and DENIED in part** as follows:

- The Bank's second and third causes of action are DISMISSED as time-barred;
- All other claims may proceed.

IT IS FURTHER ORDERED that the Motion to Strike **[ECF No. 27] is DENIED**.

IT IS FURTHER ORDERED that **the Bank has until April 13, 2018, to either join the prior homeowner as a party under Rule 19 or show cause in writing why this party has not been joined** under Rule 19(c).

Dated this 28th day of March, 2018.

_____
U.S. District Judge Jennifer A. Dorsey

---

[41] *See* ECF No. 1 at 10–13.