# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

The Bank of New York Mellon fka the Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-47-CB, Mortgage Pass-through Certificates Series 2005-47CB,

               Plaintiff

v.

The Springs at Centennial Ranch Homeowners Association, et al.,

               Defendants

Case No.: 2:17-cv-01673-JAD-GWF

**Order re: Summary Judgment**

[ECF Nos. 82, 85, 87]

      The Bank of New York Mellon brings this quiet-title action to determine the effect of the 2013 non-judicial foreclosure sale of a home on which the bank claims a deed of trust securing a mortgage on the property. The sale was conducted under Nevada's statutory scheme that grants homeowners' associations superpriority liens for a narrow category of unpaid fees and assessments that accrue on homes in their communities and allows those associations to enforce those liens with non-judicial foreclosure sales.[1] The bank sues SFR Investments Pool 1, LLC, who purchased the property at the foreclosure sale, and the Springs at Centennial Ranch

---

[1] *See SFR Invs. Pool 1, LLC v. U.S. Bank*, 334 P.3d 408, 409–14 (Nev. 2014); *Bank of Amer. v. Arlington West Twilight HOA*, __ F.3d __, 2019 WL 1461317, *1 (Apr. 3, 2019). The statute was substantially amended in 2015, but this case involves the pre-amendment version.

Homeowners Association (HOA), who caused the sale to occur, seeking a determination that its deed of trust survived the foreclosure.[2] SFR counterclaims for the opposite conclusion.[3]

All parties move for summary judgment. The bank argues that its tender of the super-priority portion of the lien extinguished the HOA's lien, preserving its deed of trust despite the foreclosure.[4] SFR[5] and the HOA[6] argue that the bank's claim is time-barred by the applicable statute of limitations and, regardless, it fails as a matter of law. I find that the bank's claim is governed by a four-year statute of limitations, and because the bank filed this action more than four years after the foreclosure sale, it is time-barred. But that conclusion does not permit me to automatically enter summary judgment in favor of SFR on its own quiet-title claim, too. Because there are genuine issues of fact surrounding the bank's affirmative defense that its agent's tender satisfied the superpriority lien amount, preventing the foreclosure sale from extinguishing the deed of trust, I deny summary judgment on SFR's quiet-title counterclaim.

**Background**

Clint and Elizabeth Harris purchased the home at 916 Malibu Sands in Las Vegas, Nevada, in 2005, with a mortgage from Republic Mortgage, LLC, secured by a deed of trust that designated Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary.[7] MERS assigned the deed of trust to the Bank of New York Mellon in July 2011.[8] The home is located

---

[2] ECF No. 57.

[3] ECF No. 19.

[4] ECF No. 82.

[5] ECF No. 85.

[6] ECF No. 87.

[7] ECF No. 82-1 (deed of trust).

[8] ECF No. 82-2 (assignment).

in the Springs at Centennial Ranch common-interest community[9] and subject to its declaration of covenants, conditions, and restrictions, which requires the owners of units within this development to pay certain assessments.[10]  When the Harrises fell behind on their assessments, the HOA commenced nonjudicial foreclosure proceedings on the home under Chapter 116 of the Nevada Revised Statutes.[11]

The bank's loan servicer, Bank of America, learned of the impending foreclosure in 2009, so its counsel, the law firm of Miles, Bauer, Bergstrom & Winters, LLP, attempted to stop the foreclosure by tendering $483.75, which represented nine months of monthly HOA assessments ($53.75 x 9 = 483.75), and which Miles Bauer argued was the entirety of the superpriority lien.[12]  The HOA's agent Alessi & Koenig, LLC rejected and sent back the check, explaining that it believed that the HOA had a superpriority lien not just for nine months of assessments, but for collection costs, too, which totaled thousands of dollars.[13]  More than three years later on January 16, 2013, Alessi & Koenig went through with the foreclosure sale.[14]  SFR was the winning bidder at $8,800.[15]

As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* in 2014, because NRS 116.3116(2) gives an HOA "a true superpriority lien, proper foreclosure of" that lien under the non-judicial foreclosure process created by NRS Chapters 107 and 116 "will

---

[9] ECF No. 31-1 at 18.

[10] ECF No. 82-3.

[11] ECF Nos. 82-4–82-6 (notices).

[12] ECF No. 82-8 at 14–18 (correspondence and check).

[13] *Id*. at 20.

[14] ECF Nos. 82-9 (notice of trustee's sale); 82-10 (trustee's deed upon sale).

[15] ECF No. 82-10.

extinguish a first deed of trust."[16]  Four years and five months after the foreclosure sale, the bank

filed this action to save its deed of trust from extinguishment.  It pursues a single claim for quiet

title.[17]  SFR asserts its own quiet-title counterclaim against the bank and MERS, seeking

declaratory and injunctive relief that it owns the property free and clear of any other interest.[18]

All parties now move for summary judgment.  The first-filed motion belongs to the bank.

It argues that its agent's $483.75 tender satisfied the superpriorty portion of the lien and

preserved its deed of trust or, at the very least, the sale should be equitably set aside because the

sale price was grossly inadequate and the sale was unfair and oppressive.[19]  SFR and the HOA

argue that the bank's claim is governed by a three- or four-year statute of limitation and is thus

time-barred, and SFR asks for summary judgment against the bank and MERS on its

counterclaim.[20]  I first evaluate the timeliness of the bank's claim, and then I consider whether

SFR is entitled to summary judgment on its counterclaim.

---

[16] *SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d at 419.

[17] Although the bank technically pleads a claim for quiet title and a second claim captioned
"Injunctive Relief against SFR," injunctive relief is a remedy, not a claim for relief, and it rises
and falls on the merits of the bank's quiet-title claim.  *See* ECF No. 57.  So I treat the bank's
amended complaint as a single quiet-title claim that seeks declaratory relief and injunctive relief.
I similarly treat SFR's separate claims for quiet title and injunctive relief as a single quiet-title
claim.  *See* ECF No. 19.  The bank originally pled additional claims that have since been
dismissed.  *See* ECF No. 55 (dismissal order).

[18] ECF No. 19 (SFR's counterclaim).  Although the Harrises were also defendants to both the
bank's and SFR's claims, the claims against them have been dismissed.  *See* ECF No. 68.

[19] ECF No. 82.

[20] ECF No. 32.

**Analysis**

**A.      The bank's claim is time-barred.**

The bank waited four years and five months after the foreclosure sale to file this action.[21] The parties generally characterize all claims in this case as quiet-title claims.  Both SFR and the HOA argue that the bank's claim is a statute-based one subject to a three-year statute of limitations under NRS 11.190(3)(a) or, at best, the court must apply the catch-all four-year deadline in NRS 11.220; either way, the bank's action is time-barred.  The bank contends that its claim either has no deadline or enjoys a ten-year grace period.[22]

**1.      Categorizing the bank's claim**

To evaluate claims, "we must look at the substance of the claims, not just the labels used."[23]  The bank's claim is labeled "quiet title" and its general purpose is to challenge the impact of the foreclosure sale on the deed of trust.[24]  This requested equitable relief makes the bank's claim the type of quiet-title claim recognized by the Nevada Supreme Court in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*—an action "seek[ing] to quiet title by invoking the court's inherent equitable jurisdiction to settle title disputes."[25]  The resolution of such a claim is part of "[t]he long-standing and broad inherent power of a court to

---

[21] The sale occurred January 16, 2013, and this suit was filed on June 15, 2017.

[22] ECF No. 90 at 3.

[23] *Nevada Power Co. v. Eighth Judicial Dist. Court of Nevada ex rel. Cty. of Clark*, 102 P.3d 578, 586 (Nev. 2004).

[24] ECF No. 57 at 7–11.

[25] *Shadow Wood Homeowners Ass'n, Inc. v. New York Cmty. Bancorp*, 366 P.3d 1105, 1110–1111 (Nev. 2016).

1    sit in equity and quiet title, including setting aside a foreclosure sale if the circumstances

2    support" it.[26]

3         **2.      The bank's claim was time-barred four years after the foreclosure sale.**

4         The next step is determining what statute of limitation applies to the bank's equitable

5    claim to quiet title.  The bank argues that its claim is "not subject to a statute of limitations"

6    based on the Nevada Supreme Court's opinion in *Facklam v. HSBC Bank*.[27]  But *Facklam* has no

7    application here.  In *Facklam*,[28] the Court merely held that non-judicial foreclosure actions are

8    not subject to the statutes of limitation in NRS Chapter 11 because those time bars apply only to

9    judicial actions, and a non-judicial foreclosure is not a judicial action.[29]  So "lenders are not

10   barred from foreclosing on mortgaged property merely because the statute of limitations for

11   contractual remedies on the note has passed."[30]  This case is not a non-judicial foreclosure

12   action, however—it's a lawsuit seeking equitable relief, so it falls under the "civil action"

13   umbrella and is subject to the limitations periods in NRS Chapter 11.[31]

14        The bank argues alternatively that if a limitation period applies, its claim is governed by

15   NRS § 106.240, which states that a lien created by a recorded deed of trust "shall at the

16   expiration of 10 years after the debt secured by the mortgage or deed of trust according to the

17   terms thereof or any recorded written extension thereof become wholly due, terminate, and it

18

---

19   [26] *Id*. at 1112.

20   [27] ECF No. 90 at 3.

     [28] *Facklam v. HSBC Bank*, 401 P.3d 1068, 1071 (Nev. 2017).

21   [29] *Id*. at 1070.

22   [30] *Id*.

[31] *See* Nev. Rev. Stat. § 11.010 (providing that "Civil actions can only be commenced within the periods prescribed in this chapter, after the after the cause of action shall have accrued, except where a different limitation is prescribed by statute.").

shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged."[32]  But this section "creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due," it is not a statute of limitation.[33]

Still, I also cannot agree with SFR and the HOA that the bank's claim is subject to the three-year statute of limitations in NRS 11.090(3)(a).[34]  That statute governs actions "upon a liability created by statute, other than a penalty or forfeiture."[35]  But the bank's claim is not an action upon a liability created by statute; it is an equitable action to determine adverse interests in real property, as codified in NRS 40.010.[36]  Section 40.010 does not create liability, and a party cannot impose liability upon another through that statute.  Rather, the statute allows for a proceeding to determine adverse claims to property.  Even if I interpret the bank's quiet-title action as a claim under NRS 116.3116, it still does not seek to impose liability under that statute.  So NRS 11.090(3)(a) does not apply.

With no squarely applicable limitations statute for the bank's claim, I am left with the catch-all four-year deadline in NRS 11.220, which states that "[a]n action for relief, not hereinbefore provided for, must be commenced within 4 years after the cause of action shall have accrued."[37]  Because the foreclosure sale occurred on January 16, 2013, and this action was filed more than four years later on June 15, 2017, the bank's claim is time-barred.  I thus grant

---

[32] Nev. Rev. Stat. § 106.240.

[33] *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001).

[34] *See* ECF Nos. 85 at 11, 87 at 10–12.

[35] Nev. Rev. Stat. § 11.190(3)(a).

[36] *See supra* at p. 5; *Shadow Wood HOA*, 366 P.3d at 1111 (recounting that "NRS 40.010 essentially codified the court's existing equity jurisprudence" (comma omitted)).

[37] Nev. Rev. Stat. §11.220.

summary judgment in favor of the defendants and against the bank on the bank's claim,[38] and I

deny the bank's motion for summary judgment on this claim as moot.

**B.     Genuine issues of fact preclude summary judgment on SFR's counterclaim.
[ECF No. 85]**

SFR also asks for summary judgment on its own quiet-title claim against the bank and

MERS.  MERS has not yet appeared in this case, so the proper vehicle for seeking judgment

against it is through default proceedings, not summary judgment.  So I deny SFR's request for

summary judgment against MERS and consider the motion only against the bank.

SFR is not entitled to summary judgment on its counterclaim against the bank because

this record leaves genuine issues of fact about the bank's affirmative defense that the $483.75

tender satisfied the superpriorty portion of the HOA's lien and preserved the deed of trust.[39]  If it

did, Nevada law precludes me from declaring that SFR bought this property free and clear of the

bank's lien interest.  Six months ago in *Bank of America v. SFR Investments Pool 1, LLC*, the

Nevada Supreme Court held that a similar attempt to "tender cured the default as to the

superpriority portion of the HOA's lien, [so] the HOA's foreclosure on the entire lien resulted in

a void sale as to the superpriority portion.  Accordingly, the HOA could not convey full title to

the property, as [the bank's] first deed of trust remained after foreclosure . . . [and] SFR

purchased the property subject to [the bank's] deed of trust."  In that case, Bank of America

contacted the HOA to get clarification on the superpriority amount due.  Based on the

---

[38] Because I grant summary judgment on this basis, I need not and do not reach SFR's or the
HOA's other challenges to the bank's claims.

[39] The bank pled valid tender as an affirmative defense to SFR's counterclaim.  *See* ECF No. 32
at 9 ("5.  The super-priority lien was satisfied prior to the HOA foreclosure sale under the
doctrines of tender, estoppel, laches, waiver, and futility.").  As the Nevada Supreme Court noted
in *Dredge Corp. v. Wells Cargo, Inc.*, 389 P.2d 394, 396 (Nev. 1964), "[l]imitations do not run
against defenses.  The statute is available only as a shield, not as a sword."

information received from the HOA, the bank tendered nine months' worth of assessments to the HOA.  The HOA rejected the payment and sold the property at foreclosure to SFR.

The Nevada Supreme Court explained that "[a] valid tender of payment operates to discharge a lien or cure a default."  Although a valid tender requires payment in full, for purposes of satisfying an HOA's superpriority lien and thus saving a deed of trust from extinguishment under the version of the foreclosure statute in effect in 2013, the bank needed to pay only "charges for maintenance and nuisance abatement, and nine months of unpaid assessments."  Because the bank properly calculated nine months' worth of assessments based on the HOA's information, "and the HOA did not indicate that the property had any charges for maintenance or nuisance abatement," the Court found that, "[o]n the record presented, this was the full superpriority amount."

The bank has made strides to demonstrate that a similar tender operated to extinguish the HOA's lien here and, thus, SFR took title of this property subject to its deed of trust.  But the bank's offerings are not so complete.  First, the timeline presented by its documents is incomplete and messy.  Although the notices reflect that the HOA was originally scheduling the foreclosure sale for October 2009,[40] the bank's agent's first letter to the HOA's agent inquiring about the superpriority lien amount is dated January 26, 20**15**,[41] and Alessi & Koenig's response fax is dated January 20, 2010[42]—both of which should have been after the foreclosure sale.  Second, even if I were to overlook the parties' failure to explain the discrepancy in these dates and accept the notion that the bank's loan servicer timely tendered a check for nine months'

---

[40] ECF No. 82-6 at 2 (notice of trustee's sale).

[41] ECF No. 82-8 at 6.

[42] *Id*. at 11.

worth of assessments before the sale, unlike in the recent *SFR* tender case, the HOA's ledger here reflects that this property may have incurred charges for maintenance or nuisance abatement.[43]  The record does not reflect that the bank made any attempt to satisfy those additional unpaid charges.  So, on this record, I cannot conclude as a matter of law whether the bank tendered the full superpriority amount.  Because genuine issues of fact preclude summary judgment on SFR's equitable quiet-title claim,[44] I deny SFR's request for summary judgment on this final claim.

## Conclusion

IT IS THEREFORE ORDERED that

- The Springs at Centennial Ranch Homeowners' Association's Renewed Motion for Summary Judgment **[ECF No. 87] is GRANTED**;

- SFR Investments Pool 1, LLC's Revised Motion for Summary Judgment **[ECF No. 85] is GRANTED as to the bank's claims, but denied as to SFR's counterclaims**; and

- The Bank of New York Mellon's Renewed Motion for Summary Judgment **[ECF No. 82] is DENIED** as moot.

---

[43] *See id*. at 13–14 (listing such charges as "weeds/debris/shru" and "trash container").  *See also Arlington West Twilight HOA*, 2019 WL 1461317, at *2 ("If the HOA's ledger does not show any charges for maintenance or nuisance abatement, a tender of nine months of HOA dues is sufficient.").

[44] Because the issues of fact on the bank's tender defense precludes summary judgment on SFR's claim, I need not and do not consider whether the bank's other affirmative defenses present genuine issues of fact.  However, the parties well know by now that both the Nevada Supreme Court and the Ninth Circuit have rejected the due process, facial unconstitutionality, and Supremacy Clause theories.  *See Arlington West Twilight HOA*, 2019 WL 1461317.

IT IS FURTHER ORDERED that **the Bank of New York Mellon's claims are all DISMISSED as time-barred**, and this case proceeds forward on SFR's counterclaims against the bank and MERS only.

IT IS FURTHER ORDERED that this matter is **referred to the magistrate judge for a mandatory settlement conference. The parties' obligation to file a joint pretrial order is suspended until 20 days after the settlement conference.**

Dated: April 5, 2019

_____
U.S. District Judge Jennifer A. Dorsey