# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

The Bank of New York Mellon fka the Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-47-CB, Mortgage Pass-through Certificates Series 2005-47CB,

Plaintiff

v.

The Springs at Centennial Ranch Homeowners Association, et al.,

Defendants

Case No.: 2:17-cv-01673-JAD-EJY

**Order Denying Motions
for Reconsideration and
Default Judgment**

[ECF Nos. 108, 116, 117]

The Bank of New York Mellon brought this quiet-title action to determine the effect of a homeowners' association non-judicial foreclosure sale on its deed of trust securing the mortgage on a home. Although I dismissed the bank's claim as time-barred, I found that the untimeliness of that action did not preclude the bank from asserting its tender theory as an affirmative defense to foreclosure-sale purchaser SFR Investments Pool 1, LLC on its quiet-title claim.[1] SFR asks me to reconsider that ruling, arguing that the bank's tender theory is now just a time-barred claim masquerading as an affirmative defense, so it, too, should be precluded. Because the Nevada Supreme Court has expressly held that statutes of limitations do not apply to a tender defense, I deny SFR's request for reconsideration. SFR also moves for a default judgment against Mortgage Electronic Registration Systems, Inc (MERS), the original beneficiary in the deed-of-

---

[1] ECF No. 102.

trust chain.  Because the default judgment that SFR seeks would have a ripple effect on the bank's defenses, I deny that motion as premature under the *Frow* doctrine.

## I.    SFR's Motion for Partial Reconsideration [ECF No. 108]

In an April 8, 2019, order, I resolved the parties' competing motions for summary judgment.  The bank argued primarily that its agent's $483.75 pre-sale tender satisfied the superpriorty portion of the lien and preserved its deed of trust.[2]  SFR and the Springs at Centennial Ranch HOA argued that the bank's claims are governed by a three- or four-year statute of limitation and are thus time-barred, and SFR asked for summary judgment against the bank and MERS on its counterclaims.[3]  I found that the bank's claims are governed—and time-barred—by a four-year statute of limitations, so I dismissed those claims.[4]  But I denied summary judgment for SFR because genuine issues of fact surrounding the bank's affirmative defense of tender precluded such relief.[5]

SFR argues that this holding was error: if the bank's tender claim is time-barred, so is its affirmative defense based on these same facts.[6]  But SFR's argument ignores Nevada law, which has long recognized that "[l]imitations do not run against defenses.  The statute is available only as a shield, not as a sword."[7]  In *Nevada State Bank v. Jamison Family Partnership*,[8] the Nevada Supreme Court held that a bank's time-barred deficiency claims could be asserted as affirmative

---

[2] ECF No. 82.

[3] ECF No. 32.

[4] ECF No. 102 at 7.

[5] *Id*. at 10.

[6] ECF No. 108.

[7] *Dredge Corp. v. Wells Cargo, Inc.*, 389 P.2d 394, 396 (Nev. 1964).

[8] *Nevada State Bank v. Jamison Family P'ship*, 801 P.2d 1377 (Nev. 1990).

2

defenses to equitable claims arising from a foreclosure sale. The Nevada Supreme Court relied on *Jamison Family Partnership* last month when it held in an unpublished decision in *Renfroe v. Carrington Mortgage Services, LLC*, that the holder of a deed of trust can assert tender as an affirmative defense in an HOA foreclosure action even if an affirmative claim based on that theory would be time-barred[9]:

> Renfroe's argument that [deed-of-trust holder] Carrington was time-barred from asserting that [its predecessor's] tender preserved its deed of trust is also incorrect. Statutes of limitations do not run against defenses.[10] We conclude that Carrington, as a defendant, may assert its affirmative defense notwithstanding the statute of limitations. Moreover, we clarify that Carrington had no obligation to prevail in a judicial action as a condition precedent to enforcing its deed of trust that had already survived the HOA's foreclosure sale. Therefore, it was proper for Carrington to respond to Renfroe's suit by explaining that its deed of trust was preserved upon tender, and it was not time-barred from doing so.[11]

Here, the bank stands in the same position as Carrington in *Renfroe*. Though the *Renfroe* decision is unpublished, it is grounded in well-established Nevada legal principles. I find that, if given the opportunity to revisit the question that SFR presents here, the Nevada Supreme Court would reach the same conclusion it did in *Renfroe*. So I maintain the bank's tender defense is not time-barred even though its quiet-title claim based on the same theory is.

SFR's alternative theory that this defense is moot because the dismissal of the bank's claims also mooted SFR's counterclaims fares no better. To make this argument, SFR cites only to the general proposition in *Already, LLC v. Nike, Inc.* that "A case becomes moot—and

---

[9] *Renfroe v. Carrington Mortg. Servs., LLC*, 456 P.3d 1055, 2020 WL 762638 at *2 (Nev. Feb. 14, 2020).

[10] The Nevada Supreme Court also cited *City of St. Paul v. Evans*, 344 F.3d 1029 (9th Cir. 2003)—which SFR itself relies on, *see* ECF No. 108 at 3—to support its conclusion that the statute of limitations cannot be used as a sword against affirmative defenses. *See id.*

[11] *Id.* (internal citations omitted).

therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'"[12] But the *Already* case centered on the voluntary-cessation doctrine and considered whether Nike's dismissal of trademark-infringement claims and execution of a broad covenant not to sue mooted Already's counterclaim, which challenged the validity of Nike's trademark. The High Court found Already's counterclaim moot because, "given the breadth of the covenant," Already's injury could not "reasonably be expected to recur," so "the case is clearly moot."[13]

The dissimilar procedural posture here renders *Already* inapplicable. The bank has not broadly released all of its claims and defenses as Nike did. Plus, SFR's claims go beyond the scope of Already's. SFR seeks a three-part declaration that "(1) SFR is the title owner of the Property; (2) the Association Foreclosure Deed is valid and enforceable; and (3) SFR's rights and interest in the Property are superior to any adverse interest claimed by the Bank" and MERS.[14] SFR is also pursuing a default judgment against MERS that would invalidate MERS's interest and that of its assigns.[15] So SFR has not shown that its claims, and thus the bank's tender defense, have been mooted by my dismissal of the bank's claims.[16]

## II. Application for Default Judgment Against MERS [ECF No. 117]

Having secured the entry of default against MERS,[17] SFR now moves for a default judgment declaring "that MERS, [and] any successors and assigns, have no right, title, or interest

---

[12] *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).

[13] *Id*. at 100.

[14] ECF No. 19 at 15, ¶ 55. Though this claim was also pled against foreclosed-upon homeowners Clint and Elizabeth Harris, it was dismissed by stipulation. *See* ECF No. 50.

[15] *See* ECF Nos. 116, 117.

[16] Of course, if SFR truly thinks that its claims are moot, it can seek to voluntarily dismiss them.

[17] ECF No. 106.

in the Property."[18]  The Ninth Circuit follows the time-honored *Frow* doctrine for considering

whether to enter a default judgment against a single defaulting defendant in a multi-defendant

case.  The doctrine recognizes that, "where a complaint alleges that defendants are jointly liable

and one of them defaults, judgment should not be entered against the defaulting defendant until

the matter has been adjudicated with regard to all defendants."[19]  The Ninth Circuit extends this

doctrine to cases in which the co-defendants are "similarly situated" and defense of the claims

will hinge on the same legal theory because "it would be incongruous and unfair to allow a

plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard

to an answering defendant in the same action."[20]

This is just such a case.  Because the bank is MERS's assign, having received its interest

in the deed of trust by MERS's 2011 assignment,[21] the default judgment that SFR requests would

have implications in this case beyond MERS's interest and could compromise the bank's ability

to assert its tender defense.  The *Frow* doctrine thus counsels against entering a default judgment

against MERS while the bank continues to actively defend SFR's jointly targeted counter- and

cross-claims.  So I deny SFR's motion for a default judgment against MERS without prejudice to

its ability to reurge this request after SFR's counterclaims against the bank have been resolved.

## Conclusion

IT IS THEREFORE ORDERED that SFR's Motion for Partial Reconsideration

**[ECF No. 108] is DENIED**; and

---

[18] ECF No. 117 at 5.

[19] *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)).

[20] *Geramendi v. Henin*, 683 F.3d 1069, 1082–83 (9th Cir. 2012) (quotation omitted).

[21] ECF No. 64-1 (assignment of deed of trust).

IT IS FURTHER ORDERED that SFR's Application for Judgment by Default against Mortgage Electronic Registration Systems, Inc., as Nominee for Republic Mortgage, LLC **[ECF No. 117] is DENIED** without prejudice.

Dated: March 31, 2020

_____
U.S. District Judge Jennifer A. Dorsey